IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| STEPHEN WILSON,<br><br>　Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>　Defendant. | CIVIL ACTION FILE<br><br>No. 2:24-CV-00029-SCJ |

### O R D E R

This Fair Labor Standards Act ("FLSA") case is before the Court on the Parties' Motion for Reconsideration and alternative Motion for Certification of Interlocutory Appeal. Doc. No. [34]. At issue is whether settling Parties in an FLSA case may avoid the court-approval process mandated by the Eleventh Circuit by filing a stipulation of dismissal without prejudice. District courts throughout the Eleventh Circuit are split on this question.

### I.     MOTION FOR RECONSIDERATION

Plaintiff, whose job title was Maintenance Area Manager, initially filed this action on February 11, 2024, alleging that Defendant failed to pay him federally mandated overtime wages. Doc. No. [11], 2. More specifically,

Plaintiff alleged that he was misclassified as an exempt employee because, despite his manager title, his job duties were not of a nature to render him exempt from the requirement of overtime pay. Id. at 10–11. See also 29 U.S.C. § 213(a)(1).

Near the end of the discovery period, the Parties jointly requested to attend private mediation. Doc. No. [27]. Without complying with the Court's order to report the outcome of mediation (Doc. No. [28], 1), the Parties filed a Joint Stipulation of Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Doc. No. [30]. Pursuant to this Court's internal policy regarding FLSA suits, the Clerk submitted the stipulation to the undersigned for approval.

This Court set a hearing to inquire into the circumstances of the dismissal, specifically whether the Parties had reached a resolution of Plaintiff's claims. In an Order dated May 30, 2025, the Court explained that it agrees with those district courts throughout the Eleventh Circuit that hold that Parties may not circumvent the court-approval requirement for settlements of FLSA claims by stipulating dismissal, even dismissal without

2

prejudice.[1] Doc. No [32]. In the same Order, the Court again required the Parties to report the outcome of the mediation efforts. Id.  After the second order to do so, the Parties filed the required status report following mediation; they reported that they "reached a resolution in principle precipitating Plaintiff's filing his stipulation of dismissal without prejudice." Doc. No. [35].

The Parties move for reconsideration of the Court's exercise of jurisdiction to inquire about the existence of a resolution to Plaintiff's claims or to conduct a fairness review. Doc. No. [34]. Rather, the Parties contend that their stipulation of dismissal was self-executing. They rely on the Eleventh Circuit's holding in Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012) ("[T]he plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon it becoming effective. The stipulation becomes effective upon

---

[1] Likewise, the Second Circuit Court of Appeals has held that despite the filing of a Rule 41(a)(1)(A)(ii) stipulation of dismissal without prejudice, the district court retains jurisdiction to inquire whether there has been a settlement, and if so, to conduct a fairness review. Samake v. Thunder Lube, Inc., 24 F.4th 804, 809 (2d Cir. 2022)

3

filing unless it explicitly conditions its effectiveness on a subsequent occurrence.")

In its Order of May 30, 2025, this Court recognized that as a general matter, a Rule 41(a)(1)(A)(ii) stipulation of dismissal is self-executing but found FSLA cases to be an exception. This is so because of the unique policy considerations that the Eleventh Circuit has recognized in the context of FLSA cases.

The requirement of court-approval of FLSA settlements originated with the Eleventh Circuit in Lynn's Foods v. United States, 679 F.2d 1350 (11th Cir. 1982). Lynn's Foods established that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d at 1352. The first is under the supervision of the Secretary of Labor. Id. at 1353; 29 U.S.C. § 216(c). The second, which is "[t]he only other route for compromise of FLSA claims[,] is provided in the context of suits brought directly by employees against their employer . . . to recover back wages for FLSA violations." Lynn's Food, 679 F.2d at 1353.

The requirements of Lynn's Foods "sparked an array of attempts by counsel to discover, invent, or improvise an effective tool of evasion, that is a

4

tool that permits an effective, private, but undisclosed compromise and settlement without supervision by the Department of Labor or approval by a district court." Casso-Lopez v. Beach Time Rental Suncoast, LLC, 335 F.R.D. 458, 461 (M.D. Fla. 2020). Nevertheless, some thirty years after Lynn's Foods established mandatory court review, the Eleventh Circuit reaffirmed its commitment to require court approval of FLSA settlements in Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013). In Nall, the Eleventh Circuit again pointed out the policy considerations driving its decision to remove FLSA claims from the arena of private settlements: "[B]y enacting the FLSA, Congress intended 'to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce.'" 723 F.3d at 1307 (quoting Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706 (1945). Nall goes on to reiterate Lynn's Foods' concern for the "great inequalities in bargaining power between employers and employees," and again concludes that mandatory protections "not subject to negotiation or bargaining between employers and employees" are needed to ensure that an employer—who has a strong bargaining position—does not take advantage of an employee. Nall, 723 F.3d at 1307 (quoting Lynn's Food, 679 F.2d at 1352).

5

Therefore, because the Parties here have reached a resolution—albeit one that is not yet finalized—approval is required, and this requirement cannot be avoided by a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). Therefore, the Motion for Reconsideration is **DENIED**.

## II. MOTION FOR INTERLOCUTORY APPEAL

At the hearing before the Court on June 3, 2025, Defendant indicated that in the event the Court does not approve the Stipulation of Dismissal, it intends to continue to litigate against Plaintiff's claims. However, the Parties have alternatively requested that the Court certify this action for interlocutory appeal. Doc. No. [34].

A district court may certify an interlocutory appeal pursuant to § 1292(b) only when the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The "controlling issue of law" and "materially advance the litigation" prongs of the Section 1292 [analysis] operate as two sides of the same coin." Atl. Recording Corp. v. Spinrilla, LLC, No. 1:17-CV-00431-AT, 2021 WL 12300186, at *1 (N.D. Ga. July 28, 2021). A question of law is considered "controlling" if it "has the potential of substantially accelerating

6

disposition of the litigation." Id. (quoting Ga. State Conf. of the NAACP v. Fayette Cnty. Bd. of Commissioners, 952 F.Supp.2d 1360, 1362 (N.D. Ga. 2013)) (citations omitted). An appeal is likely to materially advance the litigation if it would "serve to avoid trial or otherwise substantially shorten the litigation." See McFarlin v. Conseco Serv., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (when appeal would dispose of one claim out of seven, certification inappropriate).

Here, if the Eleventh Circuit agrees with the Parties that the Stipulation of Dismissal is self-executing under in Anago Franchising, 677 F.3d at 1278, the entire case is concluded. This would obviate the need for dispositive motions and the time and expense of trial.

As to a substantial ground for difference of opinion, this occurs when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue. Ga. NAACP, 952 F.Supp.2d at 1362; see also U.S. ex rel. Powell v. Am. InterContinental Univ., Inc., 756 F.Supp.2d 1374, 1378–79 (N.D. Ga.2010) (citing In re Scientific–Atlanta, Inc. Securities Litigation, No. 01–cv–1950–RWS, 2003 WL 25740734 at *1 (N.D. Ga. Apr. 15, 2003). In this case, there is a significant split on this issue among district courts in the Eleventh Circuit.

7

See Appleby v. Hickman Const., Inc., No. 1:12cv237–SPM/GRJ, 2013 WL 1197758 (N.D. Fla. Mar. 25, 2013) ("Where the parties stipulate to dismissal without prejudice, the plaintiff is not foreclosed from refiling any FLSA claim at a later time, and thus, such a stipulated dismissal remains self-executing without contravening the FLSA") (citing Perez–Nunez v. N. Broward Hosp. Dist., 609 F.Supp.2d 1319, 1320–21 (S.D. Fla. 2009)); Brown v. Pontus LLC, No. CV417-202, 2019 WL 1495287, at *2 (S.D. Ga. Apr. 4, 2019) (same); Marcucci v. Stefano's Trattoria, Inc., No. 6:12-cv-440-Orl-19GJK, 2012 WL 13136903, *2 (M.D. Fla. July 3, 2012); Jarquin v. Habanero Salvadorean & Mexican Grill LLC, No. 2:25-cv-00024-KCD, 2025 WL 1397079, *1 (M.D. Fla. May 14, 2025); Fortune v. AJ's Auto and Fleet Service Inc., No. 2:24-cv-01051-KCD, 2025 WL 1294979, *1, (M.D. Fla. May 5, 2025); Almaraz v. Hometown Ventures LLC, No. 2:21-CV-551-NPM, 2022 WL 622729, at *1 (M.D. Fla. Mar. 3, 2022). But see Turner v. Interline Brands, Inc., No. 3:16-cv-646-J-39PDB, 2016 WL 7973120, at *3 (M.D. Fla. Nov. 8, 2016) (noting the "obvious problem" with granting dismissals in FLSA cases absent judicial review such as the statute of limitations and circumvention of the FLSA's purpose); Cardillo v. Limo, Inc., No. 8:11-cv-552-T-23MAP, 2011 U.S. Dist. LEXIS 86100, at *1-2 (M.D. Fla. Aug. 4, 2011) ("The parties attempt to circumnavigate the required judicial review

8

of an FLSA settlement by stipulating to dismissal without prejudice." (citation omitted)); Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1247 (M.D. Fla. 2010) ("[T]he district court should not become complicit in any scheme or mechanism designed to confine or frustrate every employee's knowledge and realization of FLSA rights."); Lugo v. Eddisons Facility Servs., LLC, No. 17-62091-CIV-DIMITROULEAS, 2017 U.S. Dist. LEXIS 205885, at *2 (S.D. Fla. Dec. 12, 2017); Chang v. Yokohama Sushi Inc., No. 17-80774-MIDDLEBROOKS/ BRANNON, 2017 U.S. Dist. LEXIS 178541, at *1-2 (S.D. Fla. Oct. 25, 2017).

Accordingly, the Court will grant the Motion for Certificate of Interlocutory Appeal on the following question: whether FLSA claims that are resolved through a settlement can be disposed of without court approval through a Rule 41(a)(1)(A)(ii) stipulation of dismissal without prejudice.

### III.  CONCLUSION

Based on the foregoing, the Motion for Reconsideration is **DENIED**, and the Alternative Motion for Interlocutory Appeal (Doc. No. [34]) is **GRANTED**. Pursuant to Federal Rule of Appellate Procedure 5(a)(3), the Court **CERTIFIES** that the conditions for interlocutory appeal are met and so grants permission for an interlocutory appeal. The specific question

certified is as follows: whether FLSA claims that are resolved through a settlement can be disposed of without court approval through a Rule 41(a)(1)(A)(ii) stipulation of dismissal without prejudice.

During the pendency of the appeal, this case is **STAYED**. Pursuant to the Court's inherent authority to control its docket, the Court further **DIRECTS** the Clerk to administratively close this case for the duration of the appeal process.

**IT IS SO ORDERED** this 9th day of June, 2025.

/s/ Steve C. Jones
**HONORABLE STEVE C. JONES**
**United States District Judge**